**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2021 DEC -7 AM 10: 16

OFFICE OF THE CLERK

| | |
|---|---|
| GLORIA HILL, | Case No: 8:21cv ~~MANA~~ 462 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR** |
| U.S. BANK HOME MORTGAGE; JOE VASCO; and 100 YEAR HOMES, INC., | **DAMAGES AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

RECEIVED

DEC 0 7 2021

CLERK
U.S. DISTRICT COURT

**COMES NOW** the Plaintiff, Gloria Hill, (hereinafter referred to as "Plaintiff"), who hereby sues Defendants U.S. BANK HOME MORTGAGE (hereinafter referred to as "U.S. Bank"), JOE VASCO (hereinafter referred to as "Vasco"); and 100 YEAR HOMES, INC (hereinafter referred to as "100 Year"); and in support of Plaintiff's claims avers the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

2. Venue is proper in the United States District Court for the District of Nebraska under 28 U.S.C. §1391(b)(2), which states that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

1

## PARTIES TO THE ACTION

3.  Plaintiff is *sui juris* before this Court, a resident of the State of California, previously being a resident of Douglas County, Nebraska.  At all times relevant to this action, Plaintiff owned and has superior claim to the property located at 14622 Mormon Street, Bennington, Nebraska 68007 (hereinafter referred to as the "subject property").

4.  Defendant US Bank is a national banking association, a Non-Depository Payor Bank, whom, upon information and belief, is licensed to conduct ordinary business in Douglas County, Nebraska.

5.  Defendant Vasco is *sui juris* before this Court, and all times relevant herein was an employee of Defendant 100 Year, operating in his individual capacity under the direction and control of Defendant 100 Year.

6.  Defendant 100 Year is a for-profit corporation, whom, upon information and belief, is licensed to conduct ordinary business in Douglas County, Nebraska.

## GENERAL ALLEGATIONS RELEVANT TO ALL CLAIMS

7.  This is an action brought by Plaintiff for compensatory, special, general, and punitive damages.

8.  On or about January 10, 2019, Plaintiff purchased the subject property at 14622 Mormon Street in Bennington, Nebraska.

9.  Plaintiff obtained a mortgage loan from U.S. Bank, in the approximate amount of $181,550.00.

10. At all times material, Plaintiff made timely payments to U.S. Home Mortgage.

2

11. At all times material, including from December 2019 to the present, Defendants alleged that Plaintiff was delinquent in the payment of her mortgage payments.

12. Defendants mailed numerous harassing communications to Plaintiff, which included, but were not limited to, late payment notices.

13. Defendants never sent Plaintiff a Notice of Default as required under law.

14. Plaintiff was never put on legal notice of any pending foreclosure sale.

15. Plaintiff's property was wrongfully sold at foreclosure sale.

16. On January 28, 2020, in Douglas County Court, Case No. CI 20 2052, Defendants filed a forcible detainer action against Plaintiff.

17. Subsequent to the foreclosure sale, Plaintiff was wrongfully and illegally evicted from the subject property.

18. Defendants failed to act in good faith with clean hands in its dealings with Plaintiff.

19. As a result of Defendants' wrongful conduct as described herein, Plaintiff has been emotionally and financially damaged.

## COUNT I:
## VIOLATION OF CIVIL RIGHTS –WRONGFUL FORECLOSURE, DEPRIVATION OF PROPERTY INTEREST
### (42 U.S.C. § 1983 and 1988)

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

21. An actual controversy has arisen and exists between Plaintiff and Defendants regarding their respective rights and duties, in that Plaintiff contends that Defendants did not have an equitable right to foreclose on the subject property because Defendants have failed to

3

perfect any security interest in the subject property collateral and cannot prove they had a valid interest as a real party in interest to the underlying Deed of Trust. Thus, the purported power of sale, or power to foreclose judicially or non-judicially, by the above specified Defendants, did not apply and could not have applied at the time the subject property was foreclosed upon.

22. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law..."

23. Standing is a fundamental element in a foreclosure action.

24. To conduct a foreclosure action and seek possession of real property, a person or entity must have the legal authority to assert said interest.

25. The Tangible Note in this action identifies the entity to whom it accommodated, the Originator.

26. Therefore, the Tangible Note herein could not have been transferred **in the ordinary course of business**; the attachments to the notice of default do not establish that indorsements were made, nor are there any other notices which establish that Tangible Note negotiation was executed properly, nor are there any other notices which establish that the Originator sold the Tangible Note to another party for full value and consideration.

27. It is well established that the assignment of a Deed of Trust or Mortgage does not automatically assign the Tangible Note.

28. A party asserting an interest in real property must be able to prove their capacity of holder of the Tangible Note as one with rights acquired to perfect the transfer of enforcement contract rights to the Deed of Trust or Mortgage instrument as collateral for a Tangible Note debt obligation.

4

29. Without proper negotiation and physical transfer, the "true sale" of the Tangible Note is invalid as a fraudulent conveyance.

30. Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying Tangible Note attached together in one with the underlying Payment Intangible Transferable Record, is void and not voidable under state and federal law.

31. Therefore, Defendants cannot establish that it is/was entitled to assert a claim on the subject property. For this reason, as well as the other reasons set forth herein below, Defendants could not transfer an interest in the subject property and cannot recover anything from Plaintiff.

32. Defendants through the actions alleged above, claim the right to have illegally commenced and completed foreclosure sale of the subject property under the Deed of Trust or Mortgage via an *in rem* action supported by false or fraudulent documents.

33. Said unlawful foreclosure action has caused and continues to cause Plaintiff great and irreparable injury in that the subject property is unique and was the homestead for Plaintiff and her family.

34. Defendants knew, or should have known, that their asserted claims and interests in the subject property were fraudulent.

35. Defendants knew, or should have known, that any Assignment of Mortgage or Deed of Trust was void as a matter of law.

36. Defendants knew, or should have known, that the foreclosing entity lacked the requisite standing to foreclose on the subject property.

37. Defendants knew, or should have known, that the foreclosing entity had no authority to sell the subject property at foreclosure sale to the highest bidder.

5

38. The foreclosure sale thus was void as a matter of law.

39. Nebraska has recognized that a party may bring an action in equity to set aside a foreclosure sale conducted under a power of sale in a trust deed. *Gilroy v. Ryberg*, 667 N.W.2d 544, 553 (Neb. 2003) (recognizing "three categories of defects in a trustee's sale conducted under a power of sale in a trust deed: (1) those that render the sale void, (2) those that render the sale voidable, and (3) those that are inconsequential"); see also *24th & Dodge Ltd. Partnership v. Acceptance Ins. Co.*, 690 N.W.2d 769, 775 (Neb. 2005) (noting that such an action must seek to set aside the sale in equity).

40. In general, a sale will be "voidable" where the party seeking to set aside the sale shows that the defect caused the party to be prejudiced. *Gilroy*, 667 N.W.2d at 554.

41. As a result of Defendants' willful conduct, Plaintiff has been emotionally and financially damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount of damages to be determined at trial of at least $75,000.00 and not more than $400,000.00; set aside and vacate the underlying foreclosure sale, and award Plaintiff any other relief deemed just and proper.

## COUNT II:
### VIOLATION OF CIVIL RIGHTS – RETALIATORY AND WRONGFUL EVICTION, DEPRIVATION OF PROPERTY INTEREST
### (42 U.S.C. § 1983 and 1988)

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Section 1983 requires deprivation of "a right ... secured by the Constitution and laws."

6

44. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."

45. Upon asserting their alleged rights and interests in the subject property, Defendants changed the locks on the subject property.

46. Upon asserting their alleged rights and interests in the subject property, Defendants removed all of Plaintiff's personal belongings from the subject property.

47. Upon asserting their alleged rights and interests in the subject property, Defendants shut off Plaintiff's utilities.

48. Upon asserting their alleged rights and interests in the subject property, Defendants threatened and intimidated Plaintiff.

49. Defendants, and unnamed parties, acted under the color of state law to deprive Plaintiff of her well-established property interest in the subject property.

50. Defendants availed themselves of the state courts as a mechanism to deprive Plaintiff of her well-established property interest in the subject property.

51. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law..."

52. The concept of a property interest was explored in *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), which stated:

Certain attributes of "property" interests protected by procedural due process emerge from [our] decisions. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily

7

lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

53. Defendants, working in concert, deprived Plaintiff of her property interest in the subject property via the deprivation of her due process claims against their asserted alleged interests in the subject property.

54. As a direct result of Defendants' wrongful deprivation of Plaintiff's Constitutionally-guaranteed rights, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount of damages to be determined at trial of at least $75,000.00 and not more than $400,000, and award Plaintiff any other relief deemed just and proper.

## COUNT III:
## UNCONSIONABLE CONTRACT
### (Against Defendant U.S. Bank)

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. The actions of Defendants as set forth herein, resulted in Plaintiff being forced, tricked, and misled into parting with their property.

8

57. U.S. Bank presented, in the origination of the purported loan, that specific criteria such as FICO score and other industry standard underwriting requirements must be met to qualify for a loan of money for the subject property.

58. U.S. Bank presented, in the origination of the purported loan, that a preliminary signature on the Mortgage loan contract was required to "lock in" an interest rate regarding the terms of the purported loan.

59. U.S. Bank failed to clarify in the terms of the Mortgage loan contract that the Originator on the contract, was in fact acting solely in the capacity as Accommodated Party account debtor beneficiary for a purported loan of money.

60. U.S. Bank concealed they were financially benefitting by bargaining with a third party to acquire a service release premium via wire funds transfer to table fund the purported loan at the closing using a warehouse line of credit.

61. U.S. Bank knew or should have known that through a consciousness of innocence, Plaintiff was at a special disadvantage when attempting to grant an alternate means of collection via the real property lien to other Defendants.

62. U.S. Bank intended to exploit Plaintiff's special disadvantage and deny Plaintiff's superior rights to the subject property.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against U.S. Bank in an amount of damages to be determined at trial of at least $75,000 and not more than $400,000.00; and award Plaintiff any other relief deemed just and proper.

## COUNT IV:
## QUIET TITLE

63. Plaintiff re-alleges and incorporates herein by reference all previous paragraphs as though fully set forth herein.

64. "A quiet title action sounds in equity." *Rush Creek Land & Live Stock Co. v. Chain*, 255 Neb. 347, 586 N.W.2d 284 (1998).

65. Defendants named herein claim an equitable interest and estate in the subject property adverse to Plaintiff in that Defendants assert it is the owner of the note secured by the Deed of Trust or Mortgage to the property the subject of this suit.

66. Defendants named herein claim an interest and estate in the subject property adverse to Plaintiff in that Defendants assert to be the owner of Tangible Note secured by the Deed of Trust to the subject property.

67. The "purpose of [a quiet tile] action is to obtain complete determination of question of title between parties." *Dolen v. Black*, 48 Neb. 688, 67 N.W. 760 (1896).

68. An actual controversy exists between Plaintiff and Defendants as to who has the legal and equitable right to assert an interest in the subject property.

69. Defendants' claims to interest in the subject property are without any legal right whatsoever, and Defendants have no estate, title, lien or interest in or to the subject property, or any part of the subject property construed and hypothecated as "After Acquired Collateral" the Intangible Payment transferable record to the §1031 - Exchange.

70. Defendants' claims constitute a cloud on Plaintiff's title to the subject property.

71. None of the parties to the §1031 - Exchange transaction, nor any of the Defendants in this case hold a perfected and secured claim in the subject property.

10

72. Defendants are estopped and precluded from asserting an unsecured claim against the subject property.

73. Accordingly, Plaintiff requests a judicial decree which would permanently enjoin Defendants and all persons claiming under them, from asserting any adverse claim to Plaintiff's title to the property.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment quieting title in Plaintiff's name and award Plaintiff any other relief deemed just and proper.

## COUNT V:
## INFLICTION OF EMOTIONAL DISTRESS
### (Against all Defendants)

74. Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

75. Defendants' willful conduct, as more particularly described in this Complaint, has caused Plaintiff emotional harm.

76. Defendants' conduct was willful and intentional.

77. Under Nebraska law, a plaintiff must prove the following elements to make out a claim for intentional infliction of emotional distress: (1) intentional or reckless conduct; (2) so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community; (3) that caused emotional distress so severe that no reasonable person should be expected to endure it. *Schieffer v. Catholic Archdiocese of Omaha*, 244, Neb. 715, 718, 508 N.W.2d 907, 910 (1993).

11

78. Plaintiff has suffered severe emotional distress over the past several years due to the conduct of Defendants.

79. Plaintiff has lost her home and been wrongfully evicted, which has only exasperated her emotional distress.

80. Defendants knew, or should have known, that their conduct would cause Plaintiff emotional distress.

81. Defendants knew, or should have known, that their conduct was so outrageous that it goes beyond all bounds of decency.

82. Defendants' conduct was done solely for the purpose of material and monetary benefit and to the detriment of Plaintiff.

83. It is intolerable in a civilized society for a non-party to assert a claim in interest in real property.

84. Defendants have done so anyway.

85. It is intolerable for a party who has no claim or right to claim an interest in real property to foreclose and seek possession of real property.

86. Defendants have done so anyway.

87. As a direct result of Defendants' outrageous conduct, Plaintiff has been emotionally and financially damaged.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount of damages to be determined at trial of at least $75,000.00 and not more than $400,000.00; and award Plaintiff any other relief deemed just and proper.

## COUNT VI:
## DECLARATORY RELIEF
## UNDER THE DECLARATORY JUDGMENT ACT
## (28 U.S.C.A. § 2201)

88. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. The Declaratory Judgment Act is remedial in nature, and "It was the congressional intent to avoid accrual of avoidable damages to one **not certain of his rights**..." *E. Edelmann & Co. v. Triple-A Specialty Co.*, 88 F.2d 852, 854, cert. denied, 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884 (7th Cir. 1937). (emphasis added).

90. Additionally, The Declaratory Judgment Act is intended to provide a convenient method for affording relief from uncertainty and insecurity when the rights and liabilities of parties stand contingent or in abeyance, as is the case here.

91. An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove regarding the respective rights and duties in the subject note and security instrument.

92. As such, Plaintiff requests a judicial determination of the rights, obligations, and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

93. Plaintiff should be deemed the equitable owner of the subject property.

94. Plaintiff seeks a judicial declaration that the title to the subject property is vested in Plaintiff alone and that the Defendants be declared to have no interest estate, right, title or interest

13

in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the subject property subject to Plaintiff's rights.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter a declaratory judgment quieting title in Plaintiff's name, declaring that Defendants have no interest estate, right, title or interest in the subject property and award Plaintiff any other relief deemed just and proper.

## COUNT VII:
## CONSPIRACY TO DEPRIVE PLAINTIFF OF DUE PROCESS
## (42 U.S.C. §1985)

95.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96.  Defendants worked in concert to deprive Plaintiff of her well-established protected property interest in the subject property.

97.  "To state a claim under the equal protection provisions of the first part of § 1985, ... [a plaintiff] must allege that an independent **federal right** has been infringed." *Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004) (emphasis supplied); see also *Nieto v. United Auto Workers Local 598*, 672 F.Supp. 987, 991 (E.D. Mich. 1987) (§ 1985(3) "has been interpreted as requiring a violation of federal law, whether federal statutory law or the Constitution."); *Weise v. Reisner*, 318 F.Supp. 580, 583 (E.D. Wis. 1970) ("§ 1985 runs only to a deprivation of the federal right to equal protection of the law or of equal privileges and immunities under the law.").

14

98. To establish a conspiracy to violate a plaintiff's civil rights in breach of 42 U.S.C. §
    1985(3), a plaintiff must prove: "(1) the existence of a civil conspiracy; (2) that the purpose
    of the conspiracy was to deprive her either directly or indirectly of her civil rights; (3) that
    a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages,
    shown by demonstrating either injury to person or property or the deprivation of a civil
    right." *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). "The language [in §
    1985(3)] requiring intent to deprive of equal protection, or equal privileges and immunities,
    means that there must be some racial, or perhaps otherwise class-based, invidiously
    discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S.
    88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). "Speculation and conjecture are not enough
    to prove a conspiracy exists." *Mettler*, 165 F.3d at 1206.

99. "To prove a 42 U.S.C. §1983 conspiracy claim, a plaintiff must show: (1) that the defendant
    conspired with others to deprive him of constitutional rights; (2) that at least one of the
    alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3)
    that the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir.
    2008) (citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). "The plaintiff is
    additionally required to prove a deprivation of a constitutional right or privilege in order to
    prevail on a § 1983 civil conspiracy claim." *Id.*

100.    In furtherance of the conspiracy, U.S. Bank intentionally misled Plaintiff in the
    Terms and Conditions promulgated under the Deed of Trust or Mortgage.

101.    In furtherance of the conspiracy, Defendants wrongfully sold the subject property
    at foreclosure sale.

15

102.     In furtherance of the conspiracy, Defendants wrongfully evicted Plaintiff from the subject property.

103.     In furtherance of the conspiracy, Defendants knew, or should have known, that they had no legal equitable interest in the subject property.

104.     As a result of Defendants' conspiracy, Plaintiff's civil rights were violated and she has been emotionally and financially damaged as a result.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount of damages to be determined at trial of at least $75,000.00 and not more than $400,000.00; and award Plaintiff any other relief deemed just and proper.

## COUNT VIII: VIOLATION OF PLAINTIFF'S CIVIL RIGHTS VIA WRONGFUL AND RETALIATORY EVICTION

105.     Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

106.     On January 28, 2020, in Douglas County Court, Case No. CI 20 2052, Defendants filed a forcible detainer action against Plaintiff. Specifically, Defendant 100 Year Homes, Inc., the purported owner of the subject property.

107.     Defendants filed an Unlawful Detainer action against Plaintiff in the Douglas County, Nebraska.

108.     At all times material herein, no rent was owed to Defendants.

109.     At all times material herein, Defendants punished and retaliated against Plaintiff for exercising her legal rights and interest in the subject property.

110.     At all times material herein, Defendants knew, or should have known, that Plaintiff was a bona fide owner of the subject property.

16

111.    On January 28, 2020, Plaintiff was wrongfully retaliated against by Defendants via the filing of and subsequent execution of the wrongful forcible detainer action.

112.    Defendants knew, or should have known, that it had no basis to execute an unlawful detainer action.

113.    Defendants knew, or should have known, that their title was defective.

114.    Defendants knew, or should have known, that title had not been perfected.

115.    Defendants knew, or should have known, that it possessed no interest in the subject property to the extent that sustains an unlawful detainer.

116.    Defendants disregarded the title issues on the subject property and proceeded with an unlawful detainer action against Plaintiff anyway.

117.    Even though the state court entered a judgment in the unlawful detainer action, it has no res judicata effect.  Plaintiff's claims herein have not been fully litigated and are thus ripe for adjudication.

118.    Plaintiff requests that this Court take judicial notice of the underlying unlawful detainer action pursuant to Federal Rule of Evidence 201.

119.    As a direct result of Defendants' unlawful eviction, Plaintiff has been damaged.


**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount of damages to be determined at trial of at least $75,000.00 and not more than $400,000.00; and award Plaintiff any other relief deemed just and proper.

17

## COUNT IX: UNLAWFUL/WRONGFUL EVICTION

120.    Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

121.    At all times material herein, Defendants knew, or should have known, that Plaintiff was a bona fide owner of the subject property.

122.    In or around May of 2020, Plaintiff was wrongfully evicted from the subject property.

123.    Defendants knew, or should have known, that it had no basis to execute an unlawful detainer/ forcible entry and detainer action.

124.    Defendants knew, or should have known, that their title was defective.

125.    Defendants knew, or should have known, that title had not been perfected.

126.    Defendants knew, or should have known, that it possessed no interest in the subject property to the extent that sustains an unlawful detainer.

127.    Defendants disregarded the title issues on the subject property and proceeded with an unlawful detainer action against Plaintiff anyway.

128.    Even though the state court entered a judgment in the unlawful detainer action, it has no res judicata effect. Plaintiff's claims herein have not been fully litigated and are thus ripe for adjudication.

129.    Plaintiff requests that this Court take judicial notice of the underlying unlawful detainer action pursuant to Federal Rule of Evidence 201.

130.    As a direct result of Defendants' unlawful eviction, Plaintiff has been damaged.

131.    Sections 27-1401 to 27-1417, R.R.S.1943, govern the matter of forcible entry and detainer.

18

132.    Section 27-1404, R.R.S.1943, provides for the notice to quit and that it shall be served at least 3 days before commencing the action. This notice is a condition precedent to bringing the action of forcible entry and detainer and is not sufficient in and of itself to permit entry by the person claiming the right of possession to the land. Other steps in conformity with the above-cited statute must be taken to dispossess a person claimed to be unlawfully detaining the premises.

133.    Defendants failed to satisfy the conditions precedent to the filing of the forcible entry and detainer action.

134.    As a result of Defendants' wrongful conduct, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount of damages to be determined at trial of at least $75,000.00 and not more than $400,000.00; and award Plaintiff any other relief deemed just and proper.

## COUNT X: VIOLATION OF CONSTITUTIONAL RIGHTS – UNLAWFUL TAKING VIA ILLEGALLY PERFORMED FORECLOSURE AND FORCIBLE DETAINER
### (United States Constitution, 5th and 14th Amendments)

135.    Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

136.    The Nebraska Constitution provides that the "property of no person shall be taken or damaged for public use without just compensation." Neb. Const. art. I, § 21.

137.    The 5th Amendment to the federal Constitution, made applicable to the states through the 14th Amendment, provides: "[N]or shall private property be taken for public

19

use, without just compensation." U.S. Const. amend. V.  See *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978).

138.     Defendants engaged in a pseudo-unlawful taking by illegally foreclosing on the subject property.

139.     Defendants knew, or should have known, that their "title" had not been perfected to the extent that it granted Defendant 100 Year Homes, Inc. any right or interest in the subject property.

140.     Plaintiff was given no just compensation for the illegal taking of her property.

141.     As a result of Defendants' unlawful taking, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount of damages to be determined at trial of at least $75,000.00 and not more than $400,000.00; and award Plaintiff any other relief deemed just and proper.

## COUNT XI: VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA")(12 U.S.C. §§ 2601–2617)

142.     Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

143.     Plaintiff has consistently fought the Defendants and its servicers in the prosecution of this alleged default foreclosure.

144.     Plaintiff communicated her disagreement with the alleged default on the subject property.  Defendants failed to respond to any of her disagreements and contentions to their alternate narrative surrounding their interest in the subject property.

145.     It can reasonably be construed that Plaintiff's contest of the foreclosure and alleged default on the loan were qualified "QWRs" under the provisions of the Real Estate Settlement Procedures Act ("RESPA"), codified at 12 U.S.C. §§ 2601–2617.

146.     Under RESPA, 12 U.S.C. § 2605(e), a loan servicer is required to respond to a qualified written request ("QWR") "relating to the servicing" of a loan. A QWR must "[s]tate[] the reasons the borrower believes the account is in error; or . . . [p]rovide[] sufficient detail to the servicer regarding information relating to the servicing of the mortgage loan sought by the borrower." 12 C.F.R. § 1024.31 (2014). Servicing is defined narrowly: "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3); see also 12 C.F.R. § 1024.2.

147.     Defendants' actions and violations of the provisions promulgated under RESPA have caused Plaintiff damages and harm, in that: (1) her property was taken from her; (2) she was wrongfully evicted from her home on the basis of a fraudulent title; (3) she has incurred moving expenses and relocation costs; (4) her credit was damaged as a result of Defendants' unjust bad reporting; and (5) other damages as deemed determined through the course of litigation.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount of damages to be determined at trial of at least $75,000.00 and not more than $400,000.00; and award Plaintiff any other relief deemed just and proper.

21

## **RESERVATION OF RIGHT TO AMEND**

Pursuant to Federal Rules of Civil Procedure 15(a), Plaintiff hereby reserves her right to amend, either once as a matter of right or by seeking leave of court to amend as provided under the federal rules.

## **DEMAND FOR JURY TRIAL**

Plaintiff further demands a trial by jury on all triable issues herein.

Dated: December _____/_____, 2021.          Respectfully submitted,

Gloria Hill
Pro Se Plaintiff
P.O. Box 1585
Gilroy, CA 95021
Ph.: 1.661.281.9233
Email: dmsready@mail.com

22

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GLORIA HILL

**(b)** County of Residence of First Listed Plaintiff   GILROY, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

U.S. BANK HOME MORTGAGE; JOE VASCO; and 100 YEAR HOMES. INC.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED

DEC 0 7 2021

Attorneys *(If Known)*

CLERK
U.S. DISTRICT COURT

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983; 42 USC 1988
Brief description of cause:
VIOLATION OF CIVIL RIGHTS; EMOTIONAL DISTRESS; QUIET TITLE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
75k- 400k

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Mrs. G. Hill
PO BOX 1585
Gilroy, CA 95020



7020 3160 0000 3007 4892

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7020 3160 0000 3007 4892



U.S. POSTAGE PAID
FCM LG ENV
SAN JOSE, CA
95121
DEC 02, 21
AMOUNT
**$5.91**
R2303S102471-13

1000        68102

**FIRST CLASS**

U.S. District Court.
District of Nebraska
111 South 18th Plaza # 1152
Omaha, Ne. 68102-1322

**RECEIVED**
DEC 0 7 2021
CLERK
U.S. DISTRICT COURT