IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA HILL,<br><br>              Plaintiff,<br><br>     vs.<br><br>U.S. BANK HOME MORTGAGE, JOE VASCO, and 100 YEAR HOMES, INC.,<br><br>              Defendants. | **8:21CV462**<br><br><br>**MEMORANDUM AND ORDER** |

On January 12, 2022, the court entered a final judgment dismissing this case without prejudice after Plaintiff, who appears pro se, failed to comply with a December 9, 2021 order that she pay the court's filing fee or submit a request to proceed in forma pauperis within 30 days. (See Filings 6, 7, and 8.)[1]

On January 26, 2022, Plaintiff self-filed a 2-page "motion for reconsideration of January 12, 2022 order of dismissal" (Filings 9 and 9-1), together with a 2-page

---

[1] Plaintiff's pro se Complaint (Filing 1) was received by the clerk of the court and uploaded for filing on December 7, 2021. Plaintiff was granted access to the court's CM/ECF NextGen electronic filing system that same date. Plaintiff's Complaint is substantially similar to a complaint she filed in Case No. 8:21CV332 on August 30, 2021. The court determined that case was subject to preservice dismissal for lack of subject matter jurisdiction, but in an order entered on September 22, 2021, gave Plaintiff 30 days to file an amended complaint. When Plaintiff failed to comply, the court dismissed the case without prejudice on October 25, 2021. On November 5, Plaintiff filed a motion for reconsideration, explaining that she tried to file an amended complaint electronically on October 18, 2021, but later found out she was not authorized to do so. Plaintiff was granted authorization for e-filing on October 25, 2021, after entry of the judgment on that date. On November 8, 2021, the court granted the motion for reconsideration based on excusable neglect, and gave Plaintiff 7 days to file an amended complaint. Plaintiff failed to do so, and the case was again dismissed without prejudice on November 16, 2021.

1

supporting brief (Filings 9-2 and 9-3), which were designated jointly on the docket sheet by Plaintiff as "AMENDED MOTION for Reconsideration *amended claim*." The pages docketed as Filings 9 and 9-3 are upside down.

Plaintiff states the motion for reconsideration is filed pursuant to Federal Rule of Civil Procedure 60(b), which provides that a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Plaintiff claims she is entitled to relief under subsection (1) and asserts she "fully complied with the Court's orders via her filing and submission of her request to proceed in forma pauperis. See attached." (Filing 9-1.) The "attachment" Plaintiff references presumably is a 5-page document which she separately filed and docketed as "FINAL MOTION for Leave to Proceed in forma pauperis" (Filing 10). This document consists of four first pages of an AO 240 IFP application form and one second page (upside down), which is signed and dated January 12, 2021. There is no case number shown on any page.

The court's docket sheet does not reflect that Plaintiff filed any request to proceed in forma pauperis prior to the court's entry of judgment on January 12, 2022, and Plaintiff's evidence is unconvincing, to say the least. Apart from the fact that

there is no record of the IFP application having been filed previously, such as a receipt generated automatically by the CM/ECF NextGen system, the document shows on its face that it was prepared over one year ago. Even if the year was mistakenly shown as 2021 rather than 2022, January 12th was still 2 days after the court-ordered deadline. To the extent Plaintiff intends Filing 10 to be treated as a motion rather than an exhibit, it will be denied because this case is closed.[2]

In conclusion, Plaintiff has not shown she is entitled to any relief from the court's judgment.

IT IS THEREFORE ORDERED:

1.  Plaintiff's motion for reconsideration (Filing 9) is denied.

2.  Plaintiff's motion to proceed IFP (Filing 10) is denied.

Dated this 31st day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[2] Rule 6(b)(1)(B) does not allow a district court to extend the time for a party to act after it has entered a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720 (11th Cir. 2020).